(238 P.3d 743)
No. 101,964

DUSTIN J. MERRYFIELD, SUTTON R. LOVINGOOD, AND JOHN F. COLT, *Appellants*, v. KANSAS DEPARTMENT OF SOCIAL AND REHABILITATION SERVICES, *et al.*, *Appellees*.

Opinion filed November 13, 2009.

*Dustin J. Merryfield, Sutton R. Lovingood,* and *John F. Colt,* appellants pro se.

*C. William Ossmann,* chief of litigation, of Kansas Department of SRS, and *Danny J. Baumgartner,* litigation attorney, of Kansas Department of SRS, for appellees.

Before HILL, P.J., CAPLINGER and LEBEN, JJ.

LEBEN, J.: Petitioners Dustin Merryfield, Sutton Lovingood, and John Colt appeal the district court's dismissal of their petition under the Kansas Judicial Review Act. The petitioners had challenged some regulations that the Kansas Department of Social and Rehabilitation Services had adopted for residents of the Kansas Sexual Predator Treatment Program, but the district court dismissed their

petition for failure to exhaust administrative remedies before bringing the lawsuit.

While the case has been pending, however, a significant legislative change has taken place: the legislature has exempted claims "concerning the civil commitment of sexually violent predators" from coverage under the Kansas Judicial Review Act. See L. 2009, ch. 109, sec. 24 (effective July 1, 2009). Thus, the Kansas Judicial Review Act no longer provides jurisdiction to hear the petitioners' claims concerning their confinement terms.

We conclude that we lack jurisdiction to consider the petitioners' appeal. As a general matter, a new jurisdictional rule is applied in pending cases when that new rule doesn't take away a party's substantive rights and a forum remains in which those rights may be pursued. See *In re Care & Treatment of Hunt*, 32 Kan. App. 2d 344, 359, 82 P.3d 861, *rev. denied* 278 Kan. 845 (2004) (noting that changes to a court's jurisdiction generally are applied to pending cases) (citing *Landgraf v. USI Film Products*, 511 U.S. 244, 274, 128 L. Ed. 2d 229, 114 S. Ct. 1483 [1994]). The legislative amendment that removed jurisdiction over claims concerning the civil commitment of sexually violent predators does not prevent the petitioners from seeking a court's review of their confinement conditions: the Kansas Supreme Court recently confirmed that a person confined under the Kansas Sexual Predator Treatment Program may bring a claim under K.S.A. 60-1501 alleging due-process violations. *Johnson v. State*, 289 Kan. 642, Syl. ¶ 1, 215 P.3d 575 (2009). Indeed, the Kansas Judicial Council recommended the removal of claims like those of the petitioners from the reach of the Kansas Judicial Review Act because a habeas-corpus proceeding was a better fit for such claims. See Testimony of Kansas Judicial Council, House Judiciary Committee, March 9, 2009, pp. 11-12 (regarding amendment in 2009 S.B. 87 to K.S.A. 77-603, now codified at L. 2009, ch. 109, sec. 24).

The petitioners clearly set forth in their petition that they claimed jurisdiction solely based upon the Kansas Judicial Review Act. Of course, that act was a viable basis for jurisdiction at that time. See *Williams v. DesLauriers*, 38 Kan. App. 2d 629, 172 P.3d 42 (2007). But since the sole basis for the petitioners' lawsuit no

longer provides jurisdiction to consider their claims, the lawsuit must be dismissed.

The judgment of the district court dismissing the petitioners' lawsuit is therefore affirmed without prejudice to the ability of the petitioners to refile these claims under some other jurisdictional basis.